UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGARITA M. SANCHEZ,<br><br>      Plaintiff,<br><br> v.<br><br>WACHOVIA MORTGAGE CORPORATION,<br>WELLS FARGO BANK, N.A., NDEX WEST,<br>LLC, and Does 1-100, inclusive,<br><br>      Defendants. | Case No.: 11-CV-00959-LHK<br><br>ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED |

On February 22, 2011, Plaintiff filed a complaint in the Superior Court of Monterey County alleging claims of negligence, negligence per se, and fraud against Defendants. *See* Compl. (Dkt. No. 1, Ex. A). In the Complaint, Plaintiff seeks a Temporary Restraining Order (TRO) to enjoin a foreclosure sale set for February 22, 2011 on her property at 4895 Peninsula Point Drive, Seaside, CA 93955. *See* Compl. at 5. Plaintiff alleges that Defendants have refused to modify her loan in bad faith.

On March 1, 2011, Defendant Wachovia Mortgage (a division of Wells Fargo Bank, N.A.) removed the case to this Court on the basis of diversity jurisdiction. *See* Removal. On March 22, 2011, Wachovia Mortgage filed a Motion to Dismiss all the causes of action in the Complaint, and a Motion to Strike. The hearing on these Motions was set for April 28, 2011. Therefore, Plaintiff's Opposition to both Motions was due on April 7, 2011. *See* Civ. L.R. 7-3. As of the date of this

1   Order, Plaintiff has filed no Opposition, or statement of nonopposition, in violation of Civil Local
2   Rule 7-3.
3         On March 30, 2011, counsel for Plaintiff contacted the chambers of the undersigned Judge
4   to say that the TRO issued by the Superior Court would expire on April 1, 2011, and that the
5   foreclosure sale had been rescheduled for that day.  Plaintiff's counsel requested an *ex parte*
6   hearing on April 1, 2011, in order to extend the TRO for 30 days.  Plaintiff's counsel was advised
7   to consult the relevant rules regarding standards for *ex parte* motions and to make a motion if
8   appropriate.
9         Two weeks later, on April 13, 2011, Plaintiff's counsel filed an "Ex Parte Application for
10  TRO and OSC Re: Preliminary Injunction to Postpone the Trustee's Sale Pending Defendant's
11  Review of Plaintiff's Loan Modification Application."  In the request for TRO, Plaintiff states that
12  the foreclosure sale of her home has been rescheduled for April 15, 2011, and asks the Court to
13  enjoin the sale for 30 days in order to allow Wachovia Mortgage to review her loan modification
14  application.  Although Plaintiff states she has given notice of the Motion to Defendants, Plaintiff
15  asks the Court to issue the order immediately and *ex parte*, without an opportunity for Defendants
16  to be heard on the matter.
17        In support of her request, Plaintiff counsel states her belief that Plaintiff's loan should
18  qualify for a modification pursuant to Cal. Civ. Code § 2923.6.  However, Plaintiff has provided no
19  case law supporting this position or issuing a TRO on such a basis.  Furthermore, "nothing in Cal.
20  Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a
21  private right of action for borrowers."  *Farner v. Countrywide Home Loans*, No. 08cv2193
22  BTM(AJB), 2009 U.S. Dist. LEXIS 5303, *4-5 (S.D. Cal. Jan. 26, 2009).
23        The standard for issuing a TRO is identical to the standard for issuing a preliminary
24  injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D.
25  Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323
26  (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must make a four-fold showing: (1)
27  that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the
28  absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an

injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Plaintiff's attorney's conclusory statement that Plaintiff qualifies for a loan modification does not amount to a likelihood of success on the merits of Plaintiff's claims. While the Court recognizes that loss of one's home constitutes irreparable harm, the procedural history in this matter shows that Plaintiff has delayed bringing this Motion for TRO until the eve of the foreclosure sale and has failed to prosecute this case, including failure to timely respond to case-dispositive motions. *Saba v. Caplan*, No. C 10-02113 SBA, 2010 U.S. Dist. LEXIS 76790, at *13-*14 (N.D. Cal. July 6, 2010). It appears that Plaintiff is attempting to benefit by delaying and thus depriving Defendants of an opportunity to be heard. Accordingly, the Court finds that the balance of equities weighs against Plaintiff. Finally, Plaintiff has failed to show that the public interest weighs in favor of postponing the foreclosure sale. Therefore, Plaintiff's Motion is DENIED.

In addition, the Court hereby Orders Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. Within **14 days of the date of this Order**, Plaintiff shall submit a response demonstrating why the matter should not be dismissed. This Order does not constitute permission to file late oppositions to the pending Motions. Failure to respond will result in dismissal. Accordingly, the hearing on the Motion to Dismiss and Strike, and the Case Management Conference, currently set for April 28, 2011, are hereby VACATED.

**IT IS SO ORDERED.**

Dated: April 14, 2011

_____
LUCY H. KOH
United States District Judge